EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EPIFANIO FRANCO ORTIZ, acusado y apelante.

Núm. 14235.—*Sometido:* Enero 10, 1950. *Resuelto:* Enero 16, 1950.

*Santos P. Amadeo,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

¿Actuó acertadamente la corte inferior al declarar sin lugar la moción del acusado para que se le permitiera retirar su alegación de culpabilidad y sustituir ésta por una de inocencia? Ésa es la única cuestión que este recurso envuelve.

De los autos se desprende que el apelante Epifanio Franco Ortiz fué acusado en 16 de mayo de 1949 del delito de bigamia; que al llamarse el caso en 31 de mayo para la lectura de la acusación compareció personalmente y al manifestar que tenía abogado pero que éste no se hallaba presente, la corte le designó uno de oficio para que lo representara durante dicho acto, haciendo entonces por mediación del mismo alegación de inocencia y solicitando juicio por jurado; que en 29 de junio siguiente el caso fué llamado para juicio y que representado el acusado entonces por otros dos abogados contratados por él mismo, retiró su alegación de inocencia y se declaró culpable del delito imputádole, no sólo por conducto de dichos abogados sino también personalmente al preguntarle la corte si ésa era su alegación; que en ese momento él renunció asimismo al término concedido por la ley para dictarse sentencia en su contra y solicitó que su caso fuese sometido al oficial probatorio a fin de que se determinara si tenía derecho a acogerse a la ley sobre sentencias probatorias([1]); que la corte ordenó entonces al oficial probatorio que investigara el caso del acusado y rindiera el informe correspondiente en o antes del 15 de julio; que no se dictó sentencia contra el acusado en esta última fecha por hallarse éste enfermo y que el 22 de julio, al llamarse el caso una vez más, compareció el acusado en persona y asistido de un nuevo abogado; que la corte entonces se dirigió al acusado y al

[1] Ley número 259 de 3 de abril de 1946 ((1) pág. 535).

preguntarle si había alguna razón legal por la cual no debía proceder se a dictar sentencia en su contra, su abogado se expresó así:

". . . El acusado el motivo que tiene señor juez es que él quiere retirar su alegación de culpabilidad y desea que se le conceda el derecho a juicio. A esos efectos queríamos poner a declarar al acusado."

La corte inmediatamente manifestó que no procedía lo solicitado y luego de otras manifestaciones posteriores y de preguntar la corte si alguien había obligado al acusado a declararse culpable, la defensa manifestó que mediaron las circunstancias de que en esos días el acusado tenía problemas de familia y que eso lo llevó a salir del paso declarándose culpable. La corte a quo denegó entonces definitivamente la moción del acusado, declaró sin lugar igualmente la solicitud hecha por éste para que se le suspendiera la sentencia y procedió a imponerle de uno a dos años de presidio y $100 de multa.([2])

La única cuestión levantada en apelación, como ya se ha indicado, se dirige a la actuación de la corte inferior al denegar la moción solicitando permiso para sustituir la alegación de culpabilidad por una de inocencia. Provee el artículo 164 del Código de Enjuiciamiento Criminal de Puerto Rico que:

"La confesión puede hacerse sólo por el acusado en persona, en sesión pública del tribunal. . . El tribunal puede en cualquier tiempo antes de dictar sentencia por confesión, permitir que ésta se retire y sustituya por la negación del delito imputado."

---

([2]) En la orden dictada por la corte inferior en 26 de julio de 1949, declarando no haber lugar a fijar fianza al acusado en apelación, se hace constar que la solicitud del acusado para que se le permitiera cambiar su alegación fué hecha después de declarase sin lugar su moción para que se le suspendiera la sentencia. Sin embargo, como de la transcripción de evidencia elevada aparece claramente que la moción para retirar su alegación de culpabilidad fué hecha por el acusado antes de denegarse la moción que anteriormente había hecho solicitando se le permitiera acogerse a los beneficios de la ley sobre sentencias probatorias, hemos dado por sentado que esto último fué lo que realmente ocurrió.

Interpretando el artículo 1018 de su Código de Enjuiciamiento Criminal, que es idéntico al 164 del nuestro, las cortes de California han resuelto que el permitir a un acusado retirar una alegación de culpabilidad cae completamente dentro de la sana discreción de la corte sentenciadora y que con esa discreción no intervendrá el tribunal superior a no ser que se demuestre que hubo un abuso de la misma. También han decidido que como cuestión de derecho debe permitirse al acusado que retire su alegación de culpabilidad cuando la misma se ha debido a coacción, fraude o inadvertencia. *People* v. *Wells,* 175 P.2d 595 (1946); *People* v. *Schwarz,* 257 P. 71 (1927); 7 Cal. Jur., sec. 135, págs. 999 y siguientes. Véanse también 3 Am. Jur., sec. 959, pág. 522 y 14 Am. Jur., sec. 286, pág. 960; así como 66 A.L.R. 628 y 20 A.L.R. 1445. Estamos enteramente de acuerdo con el criterio antes expuesto.

En el presente caso nada hay que demuestre que se ejerciera coacción contra el acusado, que mediara fraude de clase alguna o que la declaración de culpabilidad se hiciera inadvertidamente. Por el contrario, los autos demuestran que el acusado era miembro de la Policía Insular, por lo que es de inferirse tenía conocimiento de lo que su declaración de culpabilidad implicaba. Además, que al momento de hacer su alegación estaba asistido por dos abogados contratados por él mismo y que la hizo voluntariamente. No creemos que bajo las circunstancias concurrentes el tribunal inferior abusara de su discreción al denegar la moción solicitando sustituir la alegación del acusado, ni que cometiera error al actuar en la forma en que lo hizo.

*Debe confirmarse la sentencia apelada.*