Broco Oliveras, Juez Ponente
*1312 TEXTO COMPLETO DE LA RESOLUCION
Acude ante nos el Sr. Angel L. Santiago Agricourt, peticionario, mediante la presente petición de certiorari y solicita que se revoque la resolución del Tribunal de Primera Instancia, Sala Superior de San Juan (Bárbara Sanfiorenzo Zaragoza, J.), la cual denegó una solicitud del peticionario para retirar una alegación de culpabilidad. El 19 de diciembre de 1995, conjuntamente con la petición de certiorari, el peticionario presentó Moción en Auxilio de Jurisdicción para la Paralización de los Procedimientos.
Por entender que la Sala Superior de San Juan no abusó de su discreción al así actuar, denegamos la expedición del auto de certiorari y declaramos sin lugar la moción en auxilio de jurisdicción.
I
El Ministerio Público presentó contra el peticionario acusaciones por dos cargos del Artículo 212 del Código Penal, 33 L.P.R.A., See. 4363, sobre oferta de soborno, delito grave, y otra por el Artículo 239B del Código Penal, 33 L.P.R.A., Sec. 4435B, sobre conspiración, amenazas, etc. contra funcionario judicial, también delito grave.
El 9 de octubre de 1995, día señalado para la celebración del juicio, el peticionario, representado por el Lie. Carlos Noriega, renunció a su derecho ajuicio por jurado y anunció al tribunal de instancia haber llegado a una alegación preacordada con el fiscal. Mediante la referida alegación preacordada, los cargos del Artículo 212, supra, (oferta de soborno) serían reducidos al Artículo 214 del Código Penal, 33 L.P.R.A., see. 4365, sobre omisión en el cumplimiento del deber y la infracción al Artículo 239B, supra, sería reducida al delito de desacato al tribunal. Como parte de la alegación preacordada, el peticionario se declaró culpable de los Artículos 214 y 235. El peticionario solicitó que los casos *1313 fueran referidos a los oficiales socio-penales y, de ser positivo el informe, se recomendaría una pena de multa o, en la alternativa, se concedería una sentencia suspendida.
El tribunal de instancia procedió a asegurarse de la voluntariedad-de la alegación y de que la misma se hizo con conocimiento de causa, mediante el examen del peticionario. El tribunal de instancia, entonces, procedió a aceptar la alegación de culpabilidad, sometió los casos al oficial socio-penal y señaló el caso para el día 15 de diciembre de 1995 para dictar sentencia. Exhibit II del recurso.
El día 14 de diciembre de 1995 el peticionario, esta vez por.derecho propio, presentó una moción solicitando que se le permitiera retirar la alegación de culpabilidad preacordada y que la misma fuera sustituida por una alegación de no culpable y se procediera con el juicio. En la referida moción el peticionario alegó que aceptó la referida alegación preacordada a insistencias del Lie. Noriega y por encontrarse enfermo de cuidado. Alegó, además, el peticionario que siempre insistió en ser inocente de los actos que le fueron imputados.
No contamos con una resolución o una minuta del tribunal de instancia que nos haga una relación de los incidentes que se produjeron en ese tribunal y que nos consigne cuáles fueron los fundamentos de la actuación del tribunal. De acuerdo con la presente petición, el día señalado para dictar sentencia, el abogado defensor y el fiscal se reunieron en el estrado con la juez, quien expresó para récord que la alegación de culpabilidad era voluntaria, que el tribunal se cercioró de eso y que no aceptaba el retiro de la alegación preacordada.
Inconforme con el dictamen del tribunal de instancia, el peticionario acudió a este tribunal y le imputó al tribunal de instancia la comisión de los siguientes errores:

"Erró el tribunal de instancia al negarse a aceptar el retiro de la alegación de culpabilidad que fue hecha por el peticionario a insistencias del abogado que lo representaba y debido a su delicada condición de salud.

La alegación de culpabilidad por el delito de negligencia en el cumplimiento del deber es contraria a derecho, toda vez que el peticionario no es funcionario público y no se trata de un delito menor incluido en el de oferta de soborno, al igual que el desacato que tampoco está comprendido en el delito tipificado en el artículo 239B del Código Penal."

II
La Regla 71 de Procedimiento Criminal, 34 L.P.R.A., Ap. II, concede facultad al tribunal para, en cualquier momento antes de dictar sentencia, permitir que se retire una alegación de culpabilidad y que se sustituya la misma por otra de no culpable. Igualmente puede el tribunal sustituir una alegación de culpabilidad, previo el consentimiento del fiscal, por otra alegación por un grado inferior del delito imputado o por un delito inferior pero incluido en este. Regla 71 de Procedimiento Criminal, supra.
Es discrecional del tribunal permitir que un acusado retire su alegación de culpabilidad y sustituya la misma por una de no culpable. La decisión de un tribunal negándose a permitir el retiro de una alegación de culpabilidad no será alterada en apelación a menos que se demuestre que hubo abuso de discreción. Pueblo v. Franco, 70 D.P.R. 786 (1950); Betancourt Rojas v. Tribunal Superior, 90 D.P.R. 747 (1964).
En Betancourt Rojas, supra, se dijo lo siguiente:

"No abusa de su discreción un tribunal que se niega a permitir a un acusado retirar su alegación de culpabilidad, si no se demuestra que la alegación de culpabilidad se hizo por incomprensión de la ley y los hechos o por una falsa representación (misrepresentation) del abogado defensor o del fiscal o cualquier otra autoridad, o cuando surge alguna duda de la culpabilidad del acusado, o que tiene alguna defensa meritoria que merezca ser considerada por el jurado o el juez o que se cumplen mejor los fines de la justicia sometiendo el caso a la consideración del juez o jurado para su fallo."

Hemos examinado el expediente del presente recurso y del análisis del mismo concluimos que el *1314 peticionario no ha demostrado que el tribunal de instancia abusara de su discreción. De la minuta de 9 de octubre de 1995 se desprende que el tribunal de instancia hizo un examen del peticionario y concluyó que la alegación preacordada había sido libre, voluntaria e inteligente. Se desprende también de la minuta que el peticionario en ese momento estuvo asistido del Lie. Carlos Noriega, abogado de vasta experiencia en el campo de lo criminal. El peticionario no ha demostrado incomprensión de la ley ni alega ningún acto de falsa representación de su abogado, del fiscal o de cualquier otro funcionario. No surgen de la petición elementos probatorios que produzcan duda sobre la culpabilidad del peticionario ni de que tiene una defensa meritoria.
A diferencia de Pueblo v. Figueroa García, Opinión de 30 de enero de 1992, 92 J.T.S. 5, estamos ante una alegación preacordada aprobada por el tribunal en la cual se refirieron los casos a los oficiales socio-penales. No estaba el peticionario en entera libertad de retirar la alegación y permitir su retiro descansaba en la sana discreción del tribunal.
III
El segundo señalamiento de error del peticionario consiste en señalar que de acuerdo con la alegación preacordada se declaró culpable de delitos que no están incluidos en los delitos por los que se le acusó originalmente.
En Pueblo v. Carballosa Vázquez, Opinión de 16 de junio de 1992, 92 J.T.S,. 84, el Tribunal Supremo señaló que los elementos principales del Artículo 212 del Código Penal son los siguientes: (1) dar u ofrecer dinero o cualquier beneficio, (2) la dación u ofrecimiento se hace a un funcionario público, ya sea directamente o a través de intermediario, y (3) la dación u ofrecimiento se hace con el propósito de que el empleado o funcionario público realice un acto regular de su cargo o función.
Le asiste la razón al peticionario cuando asevera que el delito tipificado en el Artículo 214 del Código Penal (omisión en el cumplimiento del deber) requiere que el sujeto activo del delito sea un funcionario público que voluntariamente omite cumplir con un deber impuesto por ley o reglamento y este elemento no está presente en el delito mayor. Aunque este elemento del Artículo 214, relativo a que el sujeto activo sea un funcionario público, no está presente en el Artículo 212, ésto no afecta la validez de la alegación preacordada. Como se discute más adelante, no es necesario que todos los elementos del delito menor estén presentes en el mayor ni que la pmeba disponible para establecer en el juicio el delito mayor, establezca todos los elementos del delito menor.
Pasemos a discutir el planteamiento de que el Artículo 235 no está incluido en el Artículo 239B.
El Artículo 239B del Código Penal, 33 L.P.R.A., sec.. 4435b, dice lo siguiente:

"Toda persona que conspire, amenace, atente o cometa un delito contra la persona o propiedad de un policía, alguacil, oficial de custodia, agente investigador u otro agente del orden público, fiscal, juez, magistrado, o cualquier otro funcionario público relacionado con la investigación, arresto, acusación, procesamiento, convicción o detención criminal, contra los familiares dentro del cuarto grado de consanguinidad o segundo de afinidad de estos funcionarios, y tal conspiración, amenaza, tentativa de delito contra la persona o propiedad surgiere en el curso o como consecuencia de cualquier investigación, procedimiento, vista o asunto que esté realizando o haya realizado en el ejercicio de las responsabilidades oficiales asignadas a su cargo, excepto en el caso de amenazas, será sancionado con pena de reclusión por un término fijo de diez (10) años. De mediar circunstancias agravantes la pena fija podrá ser aumentada hasta un máximo de quince (15) años. De mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de cinco (5) años. En casos de amenazas será sancionado con pena de reclusión de quince (15) años. De mediar circunstancias agravantes la pena fija podrá ser aumentada hasta un máximo de ocho (8) años. De mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de cuatro (4) años."

El delito de desacato penaliza actos de perturbar el orden y de conducta insolente hacia un tribunal de justicia interrumpiendo los procedimientos o menoscabando el respeto debido a su autoridad; desobediencia de una orden del tribunal; resistencia a prestar juramento o negativa a contestar cualquier interrogatorio legal; crítica injuriosa de los dictámenes o procedimientos judiciales con el fin de desacreditar al tribunal o a un magistrado; o la publicación voluntaria de cualquier informe falso o *1315 inexacto sobre procedimientos judiciales. Artículo 235 del Código Penal, 33 L.P.R.A., see. 4431.
Una misma conducta puede contravenir en determinadas circunstancias, tanto el Artículo 239B como el Artículo 235. Esto es así cuando, por ejemplo, la amenaza o conducta agresiva, que cumpla con los elementos del Artículo 239B, ocurre durante una sesión del tribunal, conlleva desobediencia a una orden judicial o contiene una crítica injuriosa a un decreto judicial. La petición que nos ocupa no aporta suficientes elementos de juicio que nos permitan concluir que los actos enmarcados en el Artículo 235 puedan o no estar incluidos en el Artículo 239B.
La Regla 72 de Procedimiento Criminal, 34:L.P:R.A., Ap,-. II, sobre las .alegaciones preacordadas, permite que en lugar de una alegación de culpabilidad por el delito alegado en la acusación, el acusado se declare culpable de un delito de grado inferior o un delito relacionado. Al permitirse una alegación preacordada por un delito relacionado no se requiere que todos los elementos del delito menor estén presentes en el mayor.
Los delitos de-oferta de soborno y omisión en el cumplimiento del-deber somambos delitos contra la función pública.-Ambos han sido .estatuidos :con el fin .de salvaguardar los mismos valores y principios.
De la misma manera, los delitos de conspiración, amenazas, etc. contra funcionarios judiciales y el desacato son delitos contra la función judicial. Persiguen ambos mantener la integridad, evitar disloques en los procesos judiciales y preservar el respeto debido a las investigaciones judiciales.
En el presente caso el peticionario, mediante la alegación preacordada, obtuvo que no se le acusara de delitos graves y se le permitiera declararse culpable de delitos menos graves con una alta probabilidad de acogerse a una sentencia suspendida. Al declararse culpable de estos delitos menos graves el peticionario logra eliminar la posibilidad de reclusión en prisión por períodos prolongados de tiempo. Es decir, que hubo un quid pro quo en este acuerdo que es beneficioso al peticionario.
Entendemos que el peticionario, al consentir o solicitar afirmativamente que se redujeran los delitos graves de las acusaciones originales a delitos menos graves, renunció a su derecho de plantear como error que los delitos menores no estaban incluidos o relacionados con los delitos originales. No estando envuelta una cuestión constitucional o jurisdiccional, y habiéndose aceptado la alegación preacordada en forma clara y consciente, el peticionario podía válidamente renunciar este derecho.
Por las razones antes expresadas, se declara sin lugar la moción en auxilio de jurisdicción y se deniega la expedición del auto de certiorari.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 331
1. Véase, por su valor persuasivo, a People v. Ford, 465 NE 2d 322 (N.Y. 1984).