# 2001 DTA 100

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS Y GUAYAMA

EL PUEBLO DE PUERTO RICO
Peticionario

v.

VICTOR JOAQUIN PEREZ NUÑEZ
Recurrido

Núm. KLCE-00-01170

San Juan, Puerto Rico, a 22 de enero de 2001

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Por medio de una solicitud para que expidamos un auto de *certiorari*, comparece ante este Tribunal El Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico. En su recurso, el Procurador General nos solicita que revoquemos una resolución emitida en los casos EH01999G0101 y EDC1999G003 por el

Tribunal de Primera Instancia, Sala Superior de Caguas, el día 16 de junio de 2000, la cual fue notificada a las partes, el día 14 de septiembre de 2000.

Mediante el dictamen recurrido, el foro judicial de primera instancia declaró con lugar una solicitud del acusado Víctor Joaquín Pérez Núñez para que se dejara sin efecto una alegación de culpabilidad previamente perfeccionada como parte de una alegación preacordada.

Examinado el recurso en sus méritos, expedimos el auto solicitado y revocamos la resolución recurrida.

## I. Trasfondo Fáctico y Procesal

Por hechos ocurridos en 3 de mayo de 1999, contra Víctor Joaquín Pérez Núñez ("*Pérez Núñez*") se presentaron sendas denuncias por la alegada comisión de los delitos graves de tentativa de violación y de restricción a la libertad agravada, Arts. 99 y 131 del Código Penal de Puerto Rico, 33 L.P.R.A. secs. 4061 y 4172, respectivamente. (Autos originales, caso EDC1999G0003, pág. 2; caso EH01999G0101, pág. 2.) Celebrada la correspondiente vista preliminar, el día 29 de julio de 1999, se determinó causa probable para acusar a Pérez Núñez por los delitos imputados..(Autos originales, caso EH01999G0101, pág. 30.)

Posteriormente, el día 26 de agosto de 1999, se llevó a cabo el acto de lectura de la acusación y Pérez Núñez hizo alegación de no culpable. El juicio en su fondo quedó señalado para el día 21 de septiembre de 1999. (Autos Originales, caso EH01999G0101, pág. 31; caso EDC1999G0003, pág. 3.)

Luego, el día 21 de diciembre de 1999, el acusado Pérez Núñez renunció a que su caso se ventilara ante jurado y, conjuntamente con el Ministerio Público, sometió al tribunal una alegación preacordada mediante la cual éste haría alegación de culpabilidad por el delito de actos lascivos en grado de tentativa, Art. 105 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4067, y por el delito de restricción a la libertad agravada, también en grado de tentativa, Art. 131 del Código Penal, *supra*, con una recomendación de pena de reclusión de seis (6) años y un (1) año, respectivamente, a ser cumplidas de manera concurrente. (Apéndice del *certiorari*, págs. 10-11.) En dicha vista, el acusado Pérez Núñez, en efecto, hizo alegación de culpabilidad según lo acordado con el Ministerio Público, y luego de examinar al imputado, el tribunal aceptó la misma, ordenó la preparación del informe presentencia y señaló la fijación de la sentencia para el día 17 de noviembre de 1999. *Ibid.*

Más adelante, el día 8 de noviembre de 1999, Pérez Núñez compareció ante el tribunal recurrido mediante un escrito en el que solicitó se le permitiera retirar su alegación de culpabilidad. (Apéndice del *certiorari*, pág. 12; Autos originales caso EH01999G0101, pág. 37.) Dicha petición estuvo amparada en el hecho de que el acusado es ciudadano de la República Dominicana y residente legal en Puerto Rico, no ostenta la ciudadanía estadounidense, por lo que, de mantenerse su alegación de culpabilidad, podría ser deportado. *Ibid.*

Así las cosas, el día 15 de noviembre de 1999, el Lcdo. José Luis Velázquez Ruiz solicitó del tribunal que lo relevara de su obligación de representar a Pérez Núñez. (Apéndice del *certiorari*, pág. 13.) Ese mismo día compareció el Lcdo. Ramón Delgado Rodríguez mediante la presentación de un escrito en el que notificó al tribunal su intención de asumir la representación legal del acusado. (Apéndice del *certiorari*, pág. 14). Ambas mociones fueron declaradas con lugar por el Tribunal de Primera Instancia, el día 30 de noviembre de 1999. (Autos originales, caso EH01999G0101.)

El día 20 de diciembre de 1999, se llevó a cabo una vista para dilucidar la procedencia de la moción sobre retiro de alegación de culpabilidad previamente interpuesto por Pérez Núñez. (Apéndice del *certiorari*, pág. 16.) En la referida vista, la defensa argumentó que procedía conceder a Pérez Núñez el retiro de su alegación de culpabilidad bajo el fundamento de que al acusado nunca se le advirtió que de declararse culpable podría ser deportado, contención a la que se opuso el Ministerio Público. Como resultado de dicha audiencia, el tribunal

de instancia concedió un término a la fiscalía para que presentara por escrito su oposición a lo solicitado por la defensa. *Ibid.*

Luego de varios incidentes procesales, el día 16 de junio de 2000, el Tribunal de Primera Instancia emitió una resolución en la que declaró con lugar la moción para que se dejara sin efecto la alegación de culpabilidad previamente hecha por Pérez Núñez, por lo que procedió al registro de una alegación de no culpable y señaló el caso para juicio. (Apéndice del *certiorari*, págs. 1-3.)

Inconforme con tal determinación, el Ministerio Público acude ante este Tribunal y nos solicita que expidamos un auto de *certiorari* y revoquemos el referido dictamen. Examinado el recurso, expedimos el auto solicitado y dejamos sin efecto la resolución recurrida.

## II. Derecho Aplicable

La Regla 71 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 71, establece lo siguiente:

*"El tribunal podrá negarse a admitir una alegación de culpable y podrá ordenar que se anote alegación de no culpable. El tribunal podrá, además, en cualquier momento antes de dictar sentencia, permitir que la alegación de culpable se retire y que se sustituya por la alegación de no culpable o, previo el consentimiento del fiscal, por la de culpable de un delito inferior al imputado, pero incluido en éste, o de un grado inferior al delito imputado."*

Al interpretar el alcance de la referida disposición procesal, citando con aprobación la norma establecida en el caso de *Pueblo v. Franco*, 70 D.P.R. 786 (1950), en el caso de *Betancourt v. Franco*, 70 D.P.R. 786 (1950), en el caso de *Betancourt Rojas v. Tribunal Superior*, 90 D.P.R. 747 (1964), el Tribunal Supremo de Puerto Rico se expresó en los siguientes términos:

*"Aun en los casos en que el acusado entra una alegación de culpabilidad, el tribunal tiene discreción para permitir, antes de dictar sentencia, que la misma se retire y se sustituya por otra de inocente, pero cuando se niega a ello, no alteraremos su decisión, a menos que se nos demuestre que se incurrió en abuso de discreción."* [Citas omitidas]

Más adelante, en el mismo caso, nuestro foro judicial de última instancia añade:

*"No abusa de su discreción un tribunal que se niega a permitir a un acusado retirar su alegación de culpabilidad, si no se demuestra que la alegación de culpabilidad se hizo por incomprensión de la ley y los hechos o por una falsa representación (misrepresentation) del abogado defensor o del fiscal o cualquier otra autoridad, o cuando surge alguna duda de la culpabilidad del acusado, o que tiene alguna defensa meritoria que merezca ser considerada por el jurado o el juez o que se cumplen mejor los fines de la justicia sometiendo el caso a la consideración del juez o jurado para su fallo."* [Citas omitidas]

Ahora bien, como parte de los requisitos para el perfeccionamiento, conforme a derecho, de una alegación preacordada, que en este caso incluyó una alegación de culpabilidad por parte del acusado Pérez Núñez, la Regla 70 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 70, dispone:

*"El tribunal no aceptará la alegación de culpabilidad sin determinar primeramente que la misma se hace voluntariamente, con conocimiento de la naturaleza del delito imputado y de las consecuencias de dicha alegación."*

Dentro del sentido de la regla citada, se ha resuelto que para poder aceptar una alegación de culpabilidad, el magistrado a cargo del caso debe cerciorarse de que la renuncia de garantías procesales que conlleva una

alegación de culpabilidad sea expresa, personal, voluntaria e inteligente, *Pueblo v. Torres Nieves*, 105 D.P.R. 340 (1976), y, además, con conocimiento de los derechos a los que renuncia y de las consecuencias que la alegación conlleva. *Díaz Díaz v. Alcaide*, 101 D.P.R. 846 (1973).

Específicamente se ha resuelto que el procedimiento para determinar si una declaración de culpabilidad es voluntaria e inteligentemente hecha, no requiere determinado ritual. Lo que se requiere es que el juez se cerciore de que el acusado está consciente de cuál es el delito y los hechos que se le imputan, le aperciba de su derecho a que su caso se vea ante jurado y de que es el Estado el que tiene que establecer los hechos que le imputan más allá de duda razonable y que tiene derecho a no declarar y a que se le citen testigos para su defensa. Además, el magistrado deberá informar al acusado de la pena que conlleva el delito por el cual está procesado, haciéndole saber el mínimo y el máximo de pena a que estaría sujeto, que si se le imputan dos o más cargos, las penas pueden imponérsele concurrente o consecutivamente y que si comete un delito posteriormente, la pena por ese delito sería más onerosa por ser reincidente y, más importante aún, deberá cerciorarse de que la declaración de culpabilidad sea voluntaria y consciente de sus consecuencias y que no medien promesas de clase alguna. *Díaz Díaz v. Alcaide, supra*; Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Editorial Forum, Colombia, 1993, Tomo III, pág. 285.

Ahora bien, en nuestra jurisdicción no existe una disposición legal que imponga a un tribunal el deber adicional de advertir a un acusado de las consecuencias colaterales de una alegación de culpabilidad hecha como parte de una alegación preacordada, ni, específicamente, de apercibirle de la posibilidad de ser deportado por las autoridades federales como resultado de dicho acto.

En materia de inmigración y naturalización, el campo está totalmente ocupado por las autoridades federales. Según la ley federal, un extranjero, irrespectivamente si es un residente legal o ilegal dentro del territorio de los Estados Unidos, que comete un delito que implique depravación moral o ha sido sentenciado y confinado o permanece dentro de una institución penal por un año o más, puede enfrentar deportación. 8 U.S.C. sec. 1251 (2) (A) (i). Una vez aprehendido, el gobierno federal retiene jurisdicción sobre su persona para todos los fines migratorios.

Aunque esta cuestión no ha sido abordada por nuestro Tribunal Supremo, existe una extensa jurisprudencia federal y estatal sobre la materia. El Tribunal Supremo de los Estados Unidos expresó en *Brady v. United States*, 397 U.S. 742 (1970), que un acusado, al momento de hacer una alegación preacordada de culpabilidad, debe estar completamente advertido de las consecuencias directas de tal alegación.

En *United States v. Parrino*, 212 F.2d 919 (2nd Cir., 1954), el Tribunal de Circuito de Apelaciones de los Estados Unidos para el Segundo Circuito, determinó que la deportación era una consecuencia colateral de una alegación de culpabilidad. Es decir, una consecuencia que resulta fuera del procedimiento llevado en el tribunal juzgador. *Fruchtman v. Kenton*, 531 F.2d 946 (9th Cir., 1976).

Los tribunales federales consistentemente han sostenido que la ignorancia del acusado de una posible deportación al momento de hacer una alegación de culpabilidad, no convierte la alegación en involuntaria. *United States v. Romero-Vilca*, 850 F.2d 177, 179 (3rd Cir., 1988). No se viola el debido proceso del acusado al que no se le informa de las consecuencias colaterales de un procedimiento criminal. *United States v. Bandas*, 1 F.3d 354, 355 (5th Cir., 1993). Es decir, que no es necesario conocimiento real de las consecuencias colaterales, por no ser requisito para ofrecer una alegación de culpabilidad con conocimiento e inteligentemente.

Por otra parte, varios tribunales federales han sostenido, en cuanto a la falta de las advertencias por el abogado de defensa de una posible deportación, que la deportación es una consecuencia colateral al proceso criminal y, por tanto, la falta de tales advertencias no constituye razón suficiente para una representación de abogado inadecuada. *Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir., 1992); *United States v. Del Rosario*, 902 F.2d 55, 58-59 (D.C. Cir., 1990); *Santos v. Kolb*, 880 F.2d 941, 944-45 (7th Cir., 1989); *United States v.*

*Yearwood*, 863 F.2d 6 (4th Cir., 1988). Indudablemente, un abogado debería orientar a su cliente sobre la consecuencia colateral de su posible deportación como resultado de una alegación de culpabilidad. Sin embargo, la falta de tal orientación por sí misma, no convierte en inadecuada la representación del abogado.

En el caso de autos, el foro judicial recurrido no tuvo ante sí ninguna de las condiciones que justificarían ejercer su discreción para permitir el retiro de la alegación de culpabilidad hecha por Pérez Núñez, según fueran establecidas en el caso de *Betancourt Rojas v. Tribunal Superior, supra*. El peticionario se declaró culpable de todos los cargos que se le imputaban, luego de haber recibido las debidas advertencias. La renuncia a juicio por jurado, así como la alegación preacordada, fueron hechas de manera inteligente y con conocimiento de las consecuencias directas de las mismas. No se violó, pues, el debido proceso de ley del peticionario al no advertírsele de las consecuencias que la alegación de culpabilidad tendría sobre su status migratorio y la posibilidad de deportación. El asunto referente a la posible deportación del acusado Pérez Núñez, como consecuencia de haber hecho alegación de culpabilidad por delitos graves cometidos en nuestra jurisdicción, resulta ser uno de naturaleza colateral sobre el cual el Tribunal de Primera Instancia no estaba obligado a apercibir al acusado para que la alegación preacordada y su alegación de culpabilidad adquirieran total vigencia y validez.

## SENTENCIA

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y dejamos sin efecto la resolución del Tribunal de Primera Instancia mediante la cual se permitió al acusado Pérez Núñez el retiro de su alegación de culpabilidad.

Notifíquese.

Lo acordó y ordena el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General