EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Pedro Suárez Ramos<br><br>Peticionario | Certiorari<br><br>2004 TSPR 198<br><br>163 DPR ____ |

Número del Caso: CC-2003-603

Fecha: 10 de diciembre de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional I

Juez Ponente:

Hon. Rafael Ortiz Carrión

Abogado de la Parte Peticionaria:

Por Derecho Propio

Oficina del Procurador General:

Lcdo. José A. Caballero López
Procurador General Auxiliar

Materia: Asesinato y Ley de Armas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                      CC-2003-603

Pedro Suárez Ramos

    Peticionario

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 10 de diciembre de 2004

Nos corresponde resolver si un menor acusado criminalmente como adulto, que es asistido por abogado, debe estar acompañado por sus padres, o algún adulto interesado en su bienestar, al momento de decidir si presenta una alegación de culpabilidad.

I

Por hechos acontecidos cuando tenía dieciséis (16) años de edad, contra el Sr. Pedro Suárez Ramos (en adelante señor Suárez Ramos) se presentaron denuncias por los delitos de asesinato en primer grado cometido con premeditación y deliberación y violación al

Art. 5.04 de la Ley de Armas. El Tribunal de Menores se declaró sin jurisdicción sobre el caso a tenor con el Art. 4(2)(a) y (b) de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico (en adelante Ley de Menores), 34 L.P.R.A. sec. 2204.[1]

Referido el caso a la Sala Superior del foro de instancia, el señor Suárez Ramos, asistido por su abogado, renunció a la vista preliminar y el Ministerio Público presentó las acusaciones en su contra. El día del juicio, renunció igualmente al derecho a juicio por jurado, por lo que se procedió con el caso por tribunal de derecho.

Así las cosas, y a raíz de una alegación preacordada con el Ministerio Público, el señor Suárez Ramos se declaró culpable por el delito de asesinato en segundo grado. Solicitó, además, que se le dictara sentencia en el mismo acto. El Ministerio Público recomendó al Tribunal que le impusiera una pena de treinta (30) años de reclusión. En vista de ello, y "luego de determinar que la misma se hizo voluntariamente con conocimiento de la naturaleza del delito imputado y de las consecuencias

---

[1] El mencionado artículo preceptúa que el Tribunal de Menores no tendrá autoridad para entender en casos en que se le impute a algún menor que hubiere cumplido quince (15) años de edad hechos constitutivos de asesinato en primer grado mediante deliberación y premeditación, así como cualquier otro delito que surja de la misma transacción o evento.

de dicha alegación",[2] el Tribunal de Primera Instancia aceptó la alegación de culpabilidad. Dicho foro consignó en su sentencia que el señor Suárez Ramos había informado conocer la prueba con la que contaba el Ministerio Público, toda vez que había leído las declaraciones juradas de los testigos, y que su abogado le había comunicado detalles sobre la evidencia. En consideración a dicha alegación de culpabilidad, el tribunal de instancia impuso una pena de treinta (30) años de reclusión. A esta fecha, el señor Suárez Ramos contaba con diecisiete (17) años de edad.

Posteriormente, la señora Marisol Ramos Vega, madre del señor Suárez Ramos, presentó ante el antiguo Tribunal de Circuito de Apelaciones un recurso de *certiorari* en representación de su hijo. Adujo, en esencia, que el Tribunal de Primera Instancia había errado al aceptar la alegación de culpabilidad hecha por este último. El foro apelativo intermedio denegó el auto de *certiorari* solicitado.

Inconformes, el señor Suárez Ramos y sus padres acudieron ante nos mediante el presente recurso de *certiorari*. Plantean principalmente que la alegación de culpabilidad hecha por el primero no fue una válida debido a que éste no estuvo acompañado por sus padres al

---

[2] Sentencia emitida por el Tribunal de Primera Instancia el 12 de noviembre del 2002 en el caso Pueblo v. Pedro Omar Suárez Ramos, Caso Núm. KVI2002G0084.

momento de tomar dicha decisión, por lo que no tenía la capacidad suficiente para renunciar a sus derechos constitucionales. El Procurador General, en representación del Estado Libre Asociado de Puerto Rico, sostiene que el señor Suárez Ramos es un adulto para todos los propósitos del proceso penal con capacidad legal para presentar una alegación de culpabilidad. Vista su petición, expedimos el auto solicitado.

Con el beneficio de las comparecencias de las partes, resolvemos.

II

Nuestra Constitución contiene un listado de derechos que cobijan a todo ciudadano acusado en un procedimiento criminal. Entre éstos se encuentran el derecho del individuo a gozar de la presunción de inocencia, la protección contra la autoincriminación, el derecho a carearse con los testigos de cargo y el derecho a obtener un juicio justo e imparcial. Const. E.L.A., Art. II, sec. 11, 1 L.P.R.A. Además, la Constitución establece que sólo se podrá privar a una persona de su libertad o propiedad mediante un debido proceso de ley. Const. E.L.A., Art. II, sec. 7, 1 L.P.R.A. Es por tanto principio fundamental en nuestro ordenamiento jurídico que la culpabilidad de un imputado de delito sea probada más allá de duda razonable. Pueblo v. De León Martínez, 132 D.P.R. 746 (1993).

Al menor de edad[3] se le ha extendido la mayoría de estas salvaguardas constitucionales que protegen a los adultos en los procesos criminales. Pueblo en interés menor G.R.S., 149 D.P.R. 1 (1999). Así, se le ha reconocido, entre otros, el derecho a juicio rápido, la garantía contra la autoincriminación, el derecho a rebatir la prueba presentada por el Estado y el derecho a confrontar los testigos de cargo. *Id*. Sin embargo, el Legislador excluyó expresamente ciertos derechos dado el carácter rehabilitador y confidencial de los procedimientos al amparo de la Ley de Menores, *supra*.[4] Claro está, aquel menor que por ministerio de la Ley de Menores, *supra*, es juzgado como adulto goza de las mismas garantías constitucionales que estos últimos, toda vez que ya no está sujeto a los procedimientos que establece la aludida legislación.

---

[3] La Ley de Menores, *supra*, considera como menor aquella persona que no ha cumplido los dieciocho (18) años de edad, o que habiéndolos cumplido, es llamada a responder por una falta cometida antes de cumplir esa fecha. 34 L.P.R.A sec. 2203(o).

[4] En la Exposición de Motivos de la Ley de Menores, *supra*, el legislador dispuso:

En la medida en que el menor no será considerado convicto y su conducta no constituirá delito, se conservará la exclusión de los derechos de fianza, juicio público y juicio por jurado, los cuales no tienen cabida en el sistema por los intereses jurídicos que siguen protegiendo la supervisión del menor con fines rehabilitativos [sic] y la confidencialidad del proceso por el que se le juzga. Leyes de Puerto Rico, 1986, págs. 285-86.

Ahora bien, la disponibilidad de estas salvaguardas no significa que el imputado o acusado de delito esté obligado a ejercer los derechos constitucionales de los cuales es acreedor. Como se sabe, estos derechos pueden ser renunciados. Pueblo v. López Rodríguez, 118 D.P.R. 515 (1987); Pueblo v. Morales Romero, 100 D.P.R. 436 (1972). Dicha normativa aplica con igual rigor a los menores de edad. *Véase* Pueblo en interés menor J.A.B.C., 123 D.P.R. 551 (1989). No obstante, la validez de dicha renuncia dependerá de que la misma haya sido voluntaria, consciente e inteligente. Pueblo v. Medina Hernández, res. el 5 de febrero de 2003, 2003 TSPR 8; Pueblo v. Rivera Nazario, 141 D.P.R. 865 (1996).

En términos de voluntariedad, hemos expresado que la renuncia de estos derechos debe ser realizada en ausencia de cualquier tipo de intimidación, coacción o violencia, de manera que ésta sea el producto de una elección libre y deliberada del renunciante. Pueblo v. Medina Hernández, *supra;* Pueblo v. Ruiz Bosch, 127 D.P.R. 762 (1991). Esto necesariamente implica que el acusado tenga pleno conocimiento del derecho al que renuncia y de las consecuencias de su decisión. Pueblo v. López Rodríguez, *supra.* Conforme a ello, hemos exigido además que la renuncia sea consciente e inteligente en el sentido de que el renunciante sea informado apropiadamente de los derechos constitucionales que le asisten antes de

proceder a tomar la decisión de abandonarlos. Pueblo v. López Rodríguez, *supra*. La validez constitucional de dicha renuncia será evaluada a base de la totalidad de las circunstancias que la rodearon.

En el caso de los menores de edad, y en cuanto a la renuncia de los derechos a no autoincriminarse y a estar asistido por abogado en la etapa investigativa, se ha sostenido que los tribunales deben tener extremo cuidado al comprobar si la admisión hecha por el menor fue voluntaria cuando, por alguna razón permisible, el abogado de éste no estaba presente al momento de obtenerse la misma. Pueblo en interés menor F.B.M., 112 D.P.R. 250, 252 (1982), *citando con aprobación a* In re Gault, 387 U.S. 1, 55 (1967). Igualmente, hemos requerido la notificación, tanto al menor como a sus padres o a algún adulto interesado, del derecho del primero a estar representado por un abogado. *Id.* En fin, hemos sentado pautas en cuanto a la necesidad de que en todo momento el menor esté acompañado por un abogado o un adulto interesado en su bienestar. Pueblo v. Medina Hernández, *supra*.

III

A.

De otra parte, el acto de declararse culpable es de gran trascendencia en el procedimiento criminal. El acusado, mediante su alegación de culpabilidad, renuncia

a gran parte de los derechos fundamentales que le garantizan la Constitución y las leyes. Pueblo v. Santiago Agricourt, 147 D.P.R. 179 (1998); Díaz Díaz v. Alcaide, 101 D.P.R. 846 (1973). Es por ello que la alegación de culpabilidad, como un acto grave y solemne, debe ser aceptada por los tribunales con cuidado y discernimiento. Brady v. U.S., 397 U.S. 742 (1970). La alegación de culpabilidad como producto de un preacuerdo con el Ministerio Público no es la excepción. Así lo expresamos en Pueblo v. Figueroa García, 129 D.P.R. 798, 804 (1992), *citando con aprobación a* Brady v. U.S., *supra.*

Aún cuando hemos reconocido la renuncia significativa que implica una alegación de culpabilidad como parte de una alegación preacordada, hemos admitido su gran utilidad para nuestro sistema de justicia. Pueblo v. Mojica Cruz, 115 D.P.R. 569 (1984). Sin las alegaciones preacordadas sería muy difícil, si no imposible, enjuiciar a todos los acusados de delito dentro de los términos mandados por el ordenamiento procesal y por la Constitución, por lo que deben estimularse. *Id.*; Pueblo v. Figueroa García, *supra.* Sin embargo, ello no significa que, en el ánimo de aligerar los procedimientos criminales mediante la sabia utilización de alegaciones preacordadas, se tengan que socavar las garantías constitucionales de los acusados, toda vez que los tribunales tienen el deber de

"cerciorarse de que [la alegación preacordada] ha sido hecha con pleno conocimiento, conformidad y voluntariedad del imputado; que es conveniente a una sana administración de justicia, y que ha sido lograda conforme a derecho y a la ética". Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 72.

En el contexto de un adulto acusado de delito, la alegación preacordada está regulada por la Regla 72 de Procedimiento Criminal. *supra*. Conforme a ésta, **por mediación del abogado**, un acusado y el Fiscal pueden iniciar conversaciones con miras a acordar una aceptación de culpabilidad por el delito que se le acusa, o por uno de grado inferior o relacionado, a cambio de que el Ministerio Público se comprometa a realizar determinados actos.[5]

Una vez el tribunal advenga en conocimiento de la alegación preacordada, deberá ponderar si la acepta o no. Su aceptación dependerá de que el tribunal se asegure de que dicha alegación; (1) fue efectuada con voluntariedad y conformidad por el acusado, quien está consciente de todos

---

[5] Entre éstos, el Fiscal se puede comprometer a: (a) pedir que se archiven otros cargos presentados en contra del acusado que se estén tramitando; (b) suprimir cualquier alegación de reincidencia del acusado; (c) proponer una sentencia en específico o no oponerse a la solicitud que realice el acusado con relación a determinada sentencia, aclarando al imputado que ninguno de estos dos (2) cursos de acción serán obligatorios para el tribunal, o (d) convenir que cierta sentencia en especial dispone adecuadamente del asunto. Regla 72 de Procedimiento Criminal, *supra*; Pueblo v. Santiago Agricourt, *supra*.

los efectos y repercusiones de la alegación; (2) es conveniente a una sana administración de la justicia; (3) cumplió con los requisitos exigidos por la Ley para la Protección de Testigos y Víctimas;[6] y (4) descansa en motivaciones legítimas y procedentes en derecho. Pueblo v. Santiago Agricourt, *supra*. A tales efectos, el tribunal podrá examinar al imputado y a cualquier otra persona que estime conveniente, así como solicitar al fiscal y al abogado cualquier información, datos y documentos que tengan en su poder y que estime necesario. Regla 72 de Procedimiento Criminal, *supra*. Además, deberá cerciorarse de que existe base suficiente en los hechos para sostener la alegación de culpabilidad, si estos hechos se probaran más allá de duda razonable en un juicio plenario. Pueblo v. Cintrón Antonsanti, 148 D.P.R. 39 (1999). Tanto la alegación preacordada, la determinación del tribunal, como su proceso decisorio deberán constar en el récord. Regla 72 de Procedimiento Criminal, *supra*; Pueblo v. Santiago Agricourt, *supra.*

---

[6] Dicha ley dispone, entre otros, que toda persona que sea víctima o testigo de delito tendrá derecho a ser notificado del desarrollo de la investigación, procesamiento y sentencia del responsable del delito, y a ser consultado antes de que se proceda a transigir una denuncia o acusación contra el autor del delito cuando así lo solicite a la Policía de Puerto Rico, al Negociado de Investigaciones Especiales y al Ministerio Fiscal. 25 L.P.R.A. sec. 973a(g).

B.

Como hemos visto, la alegación de culpabilidad, sea o no producto de una negociación con el Ministerio Público, constituye una renuncia de derechos constitucionales, y como tal, debe cumplir con los requisitos esbozados para su validez. Ello conlleva que el tribunal se cerciore de que dicha alegación sea una decisión voluntaria, consciente e inteligente del acusado. Véase, Olga E. Resumil, *Derecho Procesal Penal,* Oxford, Butterworth Legal Publishers, 1993, Tomo II, págs. 130-131.

En cuanto a lo que nos concierne en el presente caso, se ha resuelto en otras jurisdicciones que para que un menor, asistido por un abogado, pueda presentar ante el tribunal una alegación de culpabilidad, no se requiere ni el consentimiento de sus padres ni la presencia de éstos en la vista. Shipman v. State, 550 S.W.2d 424 (Ark. 1977). Inclusive, se ha sostenido que la validez de una alegación de culpabilidad no dependerá de que el padre haya tenido conocimiento previo de que su hijo menor de edad se proponía presentar dicha alegación, siempre que la decisión de este último sea voluntaria y consciente. Ford v. Lockhart, 904 F.2d 458 (8vo. Cir. 1990). **Después de todo, un acusado que está capacitado para afrontar un juicio criminal en su contra, está capacitado para alegar su culpabilidad, mientras tenga suficiente habilidad para consultar con su abogado con un grado razonable de**

**entendimiento y comprenda los procedimientos llevados en su contra**. Godinez v. Moran, 509 U.S. 389 (1993); Allard v. Helgemoe, 572 F.2d 1 (1er Cir. 1978).

Vista la normativa anterior, analicemos las alegaciones y los hechos del caso de autos.

## III

El señor Suárez Ramos nos plantea que, aún cuando fue juzgado como adulto, al momento de presentar su alegación de culpabilidad no tenía capacidad legal suficiente para tomar dicha decisión. Argumenta que, al no ser un menor emancipado en virtud de las disposiciones del Código Civil de Puerto Rico (1930), 31 L.P.R.A. secs. 901 *et seq.*, sus padres tenían que estar presentes, aconsejarlo y consentir a su alegación de culpabilidad. Aduce además que, conforme a lo resuelto en Pueblo v. Medina Hernández, *supra*, tenía que estar acompañado por sus padres o algún adulto interesado durante el procedimiento que culminó en la alegación de culpabilidad. No le asiste la razón.

Como se puede apreciar, el argumento del señor Suárez Ramos está basado esencialmente en dos premisas, a saber: (1) su presunta ausencia de capacidad legal y; (2) su falta de aptitud para alegar culpabilidad en el procedimiento criminal que se efectuó en su contra.

A.

En primer lugar, atendemos lo relativo a la falta de capacidad legal del señor Suárez Ramos para alegar culpabilidad. Para ello, es menester analizar con detenimiento las expresiones contenidas en la Ley de Menores, *supra*, al respecto.

Esta ley creó un esquema jurídico especialmente dirigido a exigir responsabilidad a los menores de edad por sus actos mientras se les reconoce como personas necesitadas de supervisión, cuidado y tratamiento. Igualmente, incorporó ciertos derechos y garantías que han sido extendidas al ámbito juvenil con el propósito de asegurar un procedimiento justo, rápido y eficaz, sin alterar el carácter especial del proceso.[7] Entre ellas, se dispuso que cuando un menor de edad fuera a renunciar cualquier derecho constitucional que le cobijara tendrían que estar presentes sus padres o encargados, así como su abogado, para que dicha renuncia pudiera ser admitida por el Juez, previa determinación de que la misma fue libre e inteligente y de que el menor conocía las consecuencias de dicha renuncia.[8] Es decir, se le reconoció un carácter imperativo a la presencia de los padres o encargados, al igual que a la del abogado del menor, para poder admitir una renuncia de derechos constitucionales efectuada por

---

[7] Exposición de Motivos de la Ley Núm. 88 de 9 de julio de 1986.

[8] 34 L.P.R.A. sec. 2211.

este último.[9] No obstante lo anterior, existen ciertas circunstancias en las cuales un menor de edad no se beneficia del proceso especial al amparo de la Ley de Menores, *supra*.[10] Nos explicamos.

La Asamblea Legislativa manifestó que el Tribunal de Menores no tendría autoridad para conocer en aquellos casos, como el de autos, en los cuales se les imputara a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos de asesinato en primer grado mediante deliberación y premeditación.[11] A tal efecto, preceptuó con claridad y sin reserva alguna que en dicho caso el menor sería procesado como adulto.[12] En otras palabras, sometió al menor al procedimiento criminal con las mismas garantías y consecuencias que entraña para un adulto. Ello conlleva, inexorablemente, el revestimiento del señor Suárez Ramos, acusado de asesinato en primer grado mediante deliberación y premeditación, con la <u>capacidad legal</u> necesaria para ser

---

[9] La Asamblea Legislativa dispuso, como única excepción, que la presencia de un abogado no sería requerida para que un menor pudiera renunciar a su derecho de asistencia de abogado. *Id.*

[10] Debemos interpretar todas las disposiciones de la Ley de Menores, *supra*, en conjunto, de manera que hagamos de dicha pieza legislativa un todo armónico y efectivo. <u>Martínez Vázquez v. A.C.A.A.</u>, res. el 28 de mayo de 2002, 2002 TSPR 72; <u>Pueblo en interés menor L.R.R.</u>, 125 D.P.R. 78 (1989).

[11] 34 L.P.R.A. sec. 2204(2)(a).

[12] 34 L.P.R.A. sec. 2204(3).

sometido a un procedimiento criminal en su contra, y por ende, para presentar una alegación de culpabilidad con la única limitación de que la misma sea una determinación informada, voluntaria, consciente e inteligente, tal y como sucede cuando el acusado es un adulto. Al tenor de ello, no podemos concluir, como nos sugiere el señor Suárez Ramos, que éste necesite el consentimiento de sus padres para suplir su capacidad legal y poder presentar propiamente una alegación de culpabilidad.

B.

En segundo lugar, el argumento del señor Suárez Ramos respecto a su falta de aptitud para presentar una alegación de culpabilidad descansa en una premisa errónea. No podemos presumir, en ausencia de otras circunstancias, que un acusado esté incapacitado para alegar culpabilidad por el simple hecho de que éste tenga diecisiete (17) años de edad o no esté emancipado al momento de presentar la misma. Sencillamente, la edad de un acusado, aun cuando debe ser considerada al evaluar la conciencia y voluntariedad de una alegación de culpabilidad, no constituye por sí sólo el factor decisivo sobre la validez de la misma.[13] Ello es así

---

[13] Existe evidencia empírica que sugiere que la edad, por sí sola, no es un criterio confiable para determinar la capacidad del menor para entender y ejercer sus derechos fundamentales, en específico, su derecho a no autoincriminarse y a estar asistido por abogado. Thomas Grisso, *Juvenile´s Waiver of Rights*, New York, Plenum Press, 1981, pág. 90.

debido a que el Tribunal está obligado a considerar otras circunstancias subjetivas tales como experiencia, educación, madurez e inteligencia del acusado, entre otras.

**El mero hecho de que el señor Suárez Ramos contara con diecisiete (17) años de edad al momento de declararse culpable no es suficiente para concluir que éste no gozaba de la aptitud necesaria para entender los actos que se le imputaron, los derechos que le asistían y las consecuencias de su alegación. Más allá de unas alegaciones, tampoco existe en el expediente evidencia demostrativa de que el señor Suárez Ramos no gozara de sus facultades mentales o no comprendiera la magnitud de los eventos suscitados durante la vista.** Todo lo contrario, se desprende de la sentencia recurrida que el señor Suárez Ramos informó al Tribunal que conocía la prueba en su contra pues había leído las declaraciones juradas de los testigos y su abogado le había informado detalles sobre la misma. Simplemente, el señor Suárez Ramos no logró rebatir la presunción de corrección que acompaña a todo dictamen judicial.[14]

Por otro lado, no podemos abstraernos del hecho significativo de que el señor Suárez Ramos estuvo representado y asistido por abogado durante la negociación con el Ministerio Público y cuando éste

---

[14] Véase <u>Pueblo v. Marcano Parrilla</u>, res. el 22 de noviembre de 2000, 2000 TSPR 169.

decidió presentar la alegación de culpabilidad ante el tribunal de instancia. Ciertamente, la presencia y asistencia de un abogado durante la negociación con el Ministerio Público y durante la alegación de culpabilidad del acusado constituyen, de ordinario, una garantía de que las renuncias que dicha alegación implica fueron unas "inteligente y conscientemente" realizadas. Véase Pueblo en interés menor J.A.B.C., *supra*, a la pág. 567-568 n.13. Nuevamente, no existe evidencia en el expediente, aparte de meras alegaciones, de que el señor Suárez Ramos no comprendiera las indicaciones y la información que, según él mismo declaró ante el Tribunal, su abogado le brindó. Asimismo, no encontramos que el señor Suárez Ramos haya expresado al Tribunal que estuviera desorientado respecto a sus derechos y a las repercusiones de su alegación, como tampoco surge que durante su evaluación el foro de instancia haya descubierto algún factor que haría a éste incompetente para alegar culpabilidad.

Resulta necesario recalcar que en el caso particular ante nuestra consideración, el señor Suárez Ramos presentó una alegación de culpabilidad como adulto en un procedimiento criminal en su contra mientras estaba asistido por su abogado. **No se trató de una confesión o admisión de un sospechoso en la etapa investigativa del caso ante una posible coacción, violencia o intimidación por parte del Estado.** Cabe señalar que existen

diferencias básicas entre ambas etapas procesales. En primer lugar, nos encontramos ante un procedimiento contra un acusado que es juzgado para todos los efectos como adulto por disposición legislativa. Además, la alegación de culpabilidad fue producto de una negociación con el Ministerio Público que, por disposición de la Regla 72(1) de Procedimiento Criminal, *supra*, **es llevada a cabo por el abogado del acusado** y, por tanto, se minimiza la posible coacción o intimidación por parte del Estado. Por último, la alegación de culpabilidad es efectuada ante la institución imparcial del tribunal de instancia, quien está obligado a pasar juicio en ese instante sobre la voluntariedad, conciencia e inteligencia de la decisión del acusado y quien tiene cierto control sobre la cantidad y calidad de información que recibe este último. No es hasta que el tribunal entrevista al acusado y pondera las circunstancias particulares de cada caso que adviene a la vida jurídica la alegación de culpabilidad mediante su aprobación y, por ende, la renuncia de derechos que la misma implica. **En suma, los hechos particulares que esta causa informa no ameritan la aplicación de <u>Pueblo v. Medina Hernández</u>, *supra*.**

Es menester, por último, hacer hincapié en un hecho relevante. No vemos razón jurídica o práctica alguna para concluir que un acusado que ha sido tratado durante todo

el procedimiento criminal como una persona capaz de afrontar el mismo, no pueda, a su vez, ser capaz de tomar una decisión específica dentro del mismo proceso, cuando ha sido orientado por su abogado y por el tribunal sobre las repercusiones de dicha decisión.

IV

En virtud de lo anterior, se confirma la resolución emitida por el hoy Tribunal de Apelaciones. Se sostiene, por lo tanto, la alegación de culpabilidad presentada por el Sr. Pedro Suárez Ramos ante la Sala Superior del Tribunal de Primera Instancia.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

        v.                          CC-2003-603

Pedro Suárez Ramos

    Peticionario


SENTENCIA


San Juan, Puerto Rico, a 10 de diciembre de 2004


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se confirma la resolución emitida por el hoy Tribunal de Apelaciones. Se sostiene, por lo tanto, la alegación de culpabilidad presentada por el Sr. Pedro Suárez Ramos ante la Sala Superior del Tribunal de Primera Instancia.

Así lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.


María I. Colón Falcón
Subsecretaria del Tribunal Supremo