Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ÁNGEL NEGRÓN DÍAZ<br><br>Peticionario | TA2025CE00820 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K BD2018G0459<br><br>Sobre: Art. 182 Apropiación Ilegal Agravada |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de enero de 2026.

Comparece ante nos el señor Ángel Negrón Díaz (señor Negrón Díaz o peticionario) por derecho propio y en forma *pauperis*. Nos solicita que revoquemos una *Orden* del Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) emitida el 20 de octubre de 2025. A través del aludido dictamen el TPI declaró No Ha Lugar una moción por derecho propio presentada por el peticionario.

Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari* solicitado.

En síntesis, el caso de epígrafe tuvo su génesis el 13 de octubre de 2018 cuando el Ministerio Público presentó tres (3) denuncias contra el peticionario por violaciones a las disposiciones de la Ley Núm. 146-2012, según enmendada, conocida como el *"Código Penal de Puerto Rico" de 2012* (Código Penal), 33 LPRA secs. 5001 *et seq*., y la Ley

Núm. 404-2000, según enmendada, conocida como la *Ley de Armas de Puerto Rico* (Ley de Armas), 25 LPRA secs. 455 nota *et seq*.[1] En lo pertinente a los asuntos del caso que nos ocupa, el 5 de noviembre de 2018, el Ministerio Público y el peticionario, por conducto de su representación legal, presentaron ante el TPI una *Moción Sobre Alegación Pre-Acordada*. A través de la referida moción, las partes notificaron al foro recurrido que habían llegado a un pre-acuerdo en el que el Ministerio Público acordó enmendar la acusación y reclasificar el Artículo 190 del Código Penal sobre Robo Agravado, *supra*, y el Artículo 5.04 de la Ley de Armas sobre Portación y uso de Armas de Fuego sin Licencia, *supra*.

Los aludidos Artículos serían reclasificados por el Artículo de 182 del Código Penal sobre Apropiación Ilegal Agravada, *supra*, y el Artículo 5.15 de la Ley de Armas sobre Disparar o Apuntar Armas, *supra*, respectivamente. Adicionalmente, acordaron una sentencia total de diez (10) años. En esa misma fecha, el Tribunal de Primera Instancia aceptó la alegación pre-acordada tras concluir que el peticionario la realizó de manera libre, voluntaria, espontánea, inteligente, consciente y con conocimiento de la naturaleza de los delitos imputados y su consecuencia.

Asimismo, el señor Negrón Díaz presentó una alegación de culpabilidad en la que se declaró culpable de los delitos imputados, según reclasificados, y renunció a los derechos constitucionales que le cobijan. Como consecuencia, el foro recurrido emitió una *Sentencia* contra el peticionario luego de haber aceptado su alegación de

---

[1] Para propósitos de la disposición del presente recurso, aclaramos que la Ley de Armas citada fue derogada por la Ley Núm. 168-2019. No obstante, haremos referencia al estatuto derogado puesto que los hechos acaecidos ocurrieron durante la vigencia de este.

culpabilidad. Posteriormente, el 3 de octubre de 2025, el señor Negrón Díaz presentó una moción por derecho propio en virtud de las Regla 185 y 192 de Procedimiento Criminal, 34 LPRA Ap. II, mediante la que peticionó al Tribunal de Primera Instancia la modificación de su sentencia. En resumen, alegó que solamente se consignó en las denuncias la apropiación ilegal de la cantidad de $147.00. No obstante, arguyó que no se consignó el valor de dos (2) celulares marca *Samsung*, lo que, según este, hacía inválidas las denuncias, puesto que no se presentó prueba sobre el valor de los dispositivos móviles. Además, argumentó que fue sentenciado dos (2) veces por el mimo delito y que nunca existió un arma de fuego.

El 20 de octubre de 2025, el TPI emitió la *Orden* aquí impugnada, a través de la cual declaró No Ha Lugar la moción por derecho propio sobre modificación de sentencia presentada por el peticionario. En desacuerdo, el 12 de noviembre de 2025, el señor Negrón Díaz compareció ante nos y le imputó al foro recurrido la comisión de los siguientes errores:

> El Hon. Tribunal de Primera Instancia de San Juan erró al determinar "No [H]a Lugar" la moción sometida el 3 de octubre de 2025 violando así el debido proceso de la ley. Debido a que el Art. 182 por lo que fui sentenciado a siete (7) años es uno de los errores ya que este art. 182 indica que si el valor apropiado ilegalmente es menor de mil (1,000) dólares, pero mayor de quinientos (500) dólares será sancionado con una pena de reclusión por un término de tres (3) años. En mis denuncias la declaración del perjudicado indica dos (2) celulares y ciento cuarenta y siete (147) dólares por lo que no llega a los quinientos dólares ya que los celulares no tienen un precio de valor y/o un recibo de su costo por lo que los deja nulo. Lo que la declaración en el Hon. Tribunal de San Juan tiene que indicar lo mismo y de no ser así sería otro error ya que no pueden haber dos declaraciones diferentes en el mismo caso.

> El art. 5.04 [de la Ley de Armas] fue reclasificado a art. 5.15 [de la Ley de Armas], por lo que me sentenciaron dos veces al mismo artículo sin ocupar algún arma de fuego. Estos casos son:
>     A) KLA 2018 G0299 sentenciado a dos (2) años
>     B) KLA 2018 G0300 sentenciado a un (1) año

> Al no ocuparse un arma de fuego y solo en la declaración decir que era una pistola negra esta ley de arma se pudo haber reclasificado a ley de arma neumática.

El 29 de diciembre de 2025, el Ministerio Público presentó su alegato en oposición. Con el beneficio de la comparecencia de ambas partes, resolvemos.

Como se sabe, el auto de *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía puede, a su discreción, revisar una decisión de un tribunal inferior con respecto a errores de derecho procesal o sustantivo. *Pueblo v. Díaz de León*, 176 DPR 913 (2009). La función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro recurrido y predicar su intervención en si la misma constituyó un abuso de discreción, por lo que en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no procede intervenir con las determinaciones del Tribunal de Primera Instancia. *Pueblo v. Toro Martínez*, 200 DPR 834 (2018); *Zorniak Air. Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992). A su vez, las Reglas 193-217 de Procedimiento Criminal (34 LPRA Ap. II) y la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), establecen los criterios a tener en cuenta en el ejercicio discrecional de expedir tal auto.

Referente a las alegaciones pre-acordadas, nuestro más Alto Foro las ha definido como "una negociación entre el Ministerio Público y el abogado del imputado por medio de la cual el acusado se declara culpable a cambio de ciertos beneficios que el Estado le concede". *Pueblo v. Santiago Agricourt*, 147 DPR 179, 194 (1998). El Tribunal Supremo ha expresado que "el acto de declararse culpable es de gran

trascendencia en el procedimiento criminal. El acusado, mediante su alegación de culpabilidad, renuncia a gran parte de los derechos fundamentales que le garantizan la Constitución y las leyes". *Pueblo v. Suárez*, 163 DPR 460, 469 (2004). Es por este motivo que una alegación de culpabilidad se considera como un acto grave y solemne, que debe ser aceptado por un tribunal con sumo cuidado y discernimiento. *Id.*; *Pueblo v. Figueroa García*, 129 DPR 798 (1992). En tal sentido, la jurisprudencia ha establecido que una vez un tribunal acepta una alegación pre-acordada de culpabilidad, la misma queda consumada y ninguna de las partes puede retirar el acuerdo. *Pueblo v. Pérez Adorno*, 178 DPR 946 (2010). Incluso, el juez que aceptó el acuerdo tampoco puede retirarlo luego de haberlo aceptado. *Id.*

Por otra parte, la Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185, provee un mecanismo para que el tribunal sentenciador pueda corregir, rebajar o modificar una sentencia ya dictada. *Pueblo v. Silvia Colón*, 184 DPR 759, 770–71 (2012). Dicha Regla concede a los tribunales la facultad para rebajar una sentencia "por causa justificada y en bien de la justicia". Regla 185 de Procedimiento Criminal, *supra*. La Regla permite, además, que el tribunal sentenciador corrija "una sentencia ilegal en cualquier momento", así como la corrección de cualquier error de forma que surja por inadvertencia u omisión. *Id.* También permite la modificación de una sentencia bajo ciertas circunstancias. *Id.*

La Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, provee uno de los mecanismos que ofrece nuestro ordenamiento para cuestionar la validez de una sentencia, aun habiendo advenido final y firme. *Pueblo v. Contreras Severino*, 185 DPR 646 (2012). En tal

sentido, una moción al amparo de la Regla 192.1, *supra*, procederá cuando la sentencia dictada sea contraria a la ley o viole algún precepto constitucional, haya sido dictada sin jurisdicción, exceda la pena prescrita por ley, esté sujeta a un ataque colateral por un fundamento válido. *Pueblo v. Román Mártir*, 169 DPR 809 (2007).

En el caso de epígrafe, el peticionario aduce que el TPI incidió al declarar No Ha Lugar su moción de modificación de sentencia, toda vez que no se consignó el valor de los dos (2) celulares móviles marca *Samsung* en las denuncias. En adición, sostuvo que fue sentenciado dos (2) veces por el mismo delito.

Luego de un análisis detenido del expediente ante nuestra consideración, no advertimos que el foro recurrido haya errado o abusado de su discreción al resolver sin lugar la moción presentada por el peticionario sobre modificación de sentencia al amparo de las Reglas 185 y 192 de Procedimiento Criminal, *supra*. Se desprende de la *Sentencia* en cuestión que la pena que extingue el peticionario es producto de un pre-acuerdo entre el Ministerio Público y el propio peticionario, en el que éste renunció a sus derechos constitucionales a cambio de su alegación de culpabilidad. Entre ellos, el derecho a que se pruebe su culpabilidad más allá de duda razonable. Además, no nos convence el argumento esgrimido por el señor Negrón Díaz de que fue sentenciado dos veces por el mismo delito. Surge con meridiana claridad que los dos (2) cargos radicados bajo el Artículo 5.15 de la Ley de Armas, *supra*, corresponden a casos diferentes e independientes, según establecido en la *Sentencia*.

Por tanto, en la medida en que no advertimos exceso discrecional, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones