ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ERNESTO RUIZ ROMERO<br><br>Peticionario | TA2026CE00312 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR202300652<br><br>Sobre: Art. 284 C.P. Reclasificado a: Art. 284 C.P. (TENT.) |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de abril de 2026.

Comparece por derecho propio el Sr. Ernesto Ruiz Romero, mediante un auto discrecional de *certiorari.* Solicita nuestra intervención para dejar sin efecto la *Resolución y Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 9 de febrero de 2026, notificada el día 12 siguiente.[1] En el referido pronunciamiento, el TPI declaró No Ha Lugar sendas mociones instadas por el peticionario el 8 de diciembre de 2025, intituladas *Moción parcial de anulación de Sentencia* y *Segunda parte sobre petición de anulación de Sentencia y* [*subpoena*] *duces tecum.*[2]

**I.**

Por hechos acontecidos el 6 de julio de 2023, en la misma fecha, el Ministerio Público presentó una *Denuncia* contra el peticionario por la infracción del Artículo 284 del Código Penal de 2012, 33 LPRA sec. 5377.[3]

---

[1] Apéndice del recurso, págs. 2-4.
[2] Apéndice del recurso, págs. 23-32 y 33-35.
[3] Artículo 284. — *Conspiración, amenazas o atentados contra funcionarios del sistema de justicia o sus familiares.*
  Toda persona que conspire, amenace, atente o cometa un delito contra la persona o propiedad de un policía, alguacil, oficial de custodia, agente del Negociado de Investigaciones Especiales, agente investigador u otro agente del orden público, fiscal, procurado[r] de menores, procurador de asuntos de familia, juez, o cualquier otro funcionario público relacionado con la investigación, arresto, acusación, procesamiento, convicción o detención criminal, contra los familiares dentro del cuarto grado de consanguinidad o

De la *Denuncia* se desprende que agredió a un alguacil del Poder Judicial con una patada en la frente, mientras el funcionario público se encontraba en el ejercicio de sus funciones oficiales.[4] Se le impuso una fianza de $350,000.00 que no pudo prestar e ingresó a prisión provisional.[5]

Surge de los autos que el 22 de agosto de 2023 el peticionario renunció a la vista preliminar, por lo que se emitió acusación, a la cual se le dio lectura el 5 de septiembre de 2023. En dicha fecha, asistido por el Lcdo. Luis. A. Burgos Rivera, el señor Ruiz Romero renunció al juicio por jurado y suscribió la *Moción sobre Alegación Pre-Acordada* incoada por el Ministerio Público, así como una *Alegación de Culpabilidad.*[6]

Se desprende de la *Minuta*[7] del procedimiento que el perjudicado y testigo del Ministerio Público dio su anuencia al preacuerdo. Asimismo, el TPI examinó al entonces acusado en cuanto a la *renuncia de su derecho a juicio por jurado.* Allí se certificó que la renuncia cumplía con todos los requisitos legales por ser libre, voluntaria e inteligente. Veamos.

> El acusado, personalmente y a través de su abogado, renuncia a su derecho a Juicio ante Jurado y somete el documento correspondiente titulado ***RENUNCIA AL DERECHO A JUICIO ANTE JURADO***, firmado y juramentado ante la secretaria que suscribe, así como documento de ***Alegación de Culpabilidad y Moción Sobre Alegación Pre-acordada***, los cuales se unen a los autos. El Tribunal examina al acusado en cuanto a la renuncia que hace éste a su derecho a Juicio ante Jurado. Escuchado el acusado y su abogado, quien certifica que dicha renuncia cumple con todos los requisitos de ley, y concluyendo el Tribunal que la renuncia que hace el acusado a su derecho a Juicio ante Jurado es libre, voluntaria, e inteligente, el Tribunal acepta la misma y ordena a todos los fines legales la continuación de los procedimientos ante Tribunal de Derecho. (Énfasis en el original).

---

segundo de afinidad de estos funcionarios, y tal conspiración, amenaza, tentativa de delito contra la persona o propiedad surgiere en el curso o como consecuencia de cualquier investigación, procedimiento, vista o asunto que esté realizando o haya realizado en el ejercicio de las responsabilidades oficiales asignadas a su cargo, será sancionada con pena de reclusión por un término fijo de tres (3) años.

[4] Apéndice del recurso, pág. 43.
[5] Apéndice del recurso, págs. 41-42.
[6] Apéndice del recurso, págs. 44-45; 46-47 y 48-49.
[7] Apéndice del recurso, págs. 39-40.

Luego que el Ministerio Público acordara reclasificar el delito imputado a la *modalidad de tentativa*[8] y una sanción penal de 18 meses[9] al palio de la *Ley de sentencia suspendida y libertad a prueba*,[10] en lugar del término fijo de tres años en prisión que apareja al delito, el señor Ruiz Romero se declaró culpable, personalmente y a través de su abogado. De igual modo, el TPI indagó sobre el conocimiento y entendimiento de todas las consecuencias legales de la *alegación de culpabilidad* formulada.

> El acusado, personalmente y a través de su abogado, registra alegación de culpabilidad por Tentativa al Artículo 284 del Código Penal.
>
> Fue examinado el acusado en cuanto a la alegación de culpabilidad formulada, escuchado su abogado, quien certifica haberle explicado a su cliente todas las consecuencias legales que conlleva esta alegación, que su cliente las ha entendido y que la misma cumple con todos los requisitos de ley. A preguntas del Tribunal, el acusado informa que es ciudadano americano. Entendiendo el Tribunal como satisfactoria la alegación de culpabilidad que hace el imputado, y concluyendo el Tribunal que es una libre, voluntaria e inteligente, que conoce la naturaleza del delito por el cual hace alegación, y que conoce las consecuencias legales de dicha alegación, el Tribunal acepta la misma y declara al acusado **CULPABLE y CONVICTO** por una **Tentativa al Artículo 284 del Código Penal**. (Énfasis en el original).

El foro judicial entendió como satisfactoria la aceptación y concluyó que fue una libre, voluntaria e inteligente. Ante esta afirmativa, declaró al peticionario culpable por el delito reclasificado. Así las cosas, el 20 de octubre de 2023, el TPI dictó *Sentencia* y condenó al señor Ruiz Romero a cumplir 18 meses de cárcel. Inmediatamente, ordenó la

---

[8] Artículo 35. — *Definición de la tentativa.*
  Existe tentativa cuando la persona actúa con el propósito de producir el delito o con conocimiento de que se producirá el delito, y la persona realiza acciones inequívoca e inmediatamente dirigidas a la consumación de un delito que no se consuma por circunstancias ajenas a su voluntad.

[9] Artículo 36. — *Pena de la tentativa.*
  Toda tentativa de delito grave conlleva una pena igual a la mitad de la pena señalada para el delito consumado, no pudiendo exceder de diez (10) años la pena máxima de la tentativa. Toda tentativa de delito que conlleve una pena de reclusión por un término fijo de noventa y nueve (99) años, conlleva una pena de reclusión por un término fijo de veinte (20) años.

[10] Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 LPRA sec. 1026 *et seq*. La *Ley de Sentencia Suspendida y Libertad a Prueba* estableció un sistema mediante el cual se le confiere a un convicto la oportunidad de cumplir con su sentencia o parte de esta fuera de una institución penal, siempre y cuando, observe buena conducta y cumpla con las restricciones que el foro judicial imponga. El disfrute de una sentencia suspendida es un privilegio y su concesión descansa en la sana discreción del tribunal sentenciador.

suspensión de la sentencia, impuso las condiciones de rigor y decretó la excarcelación del convicto.[11]

Según los dichos del peticionario, extinguida la pena impuesta,[12] el 8 de diciembre de 2025, el señor Ruiz Romero presentó las mociones antes mencionadas para anular la *Sentencia*. Alegó la nulidad del dictamen por violaciones al debido proceso de ley durante la audiencia en que se observó la Regla 72 de Procedimiento Criminal, *infra*; y que la *Denuncia* carecía de todos los elementos del delito. Específicamente, que la agresión surgiera como consecuencia de un procedimiento criminal y que el alguacil estuviera activamente como miembro del sistema de enjuiciamiento criminal. Arguyó que el TPI no constató el pliego acusatorio al examinar la voluntariedad de su alegación de culpabilidad ni si las bases fácticas eran suficientes. Dijo también que, durante el procedimiento de la vista preliminar, el TPI le "informó" que estaría haciendo alegación de culpabilidad de un delito menos grave y que el Magistrado le "aconsejó" hacerlo y renunciar a la vista preliminar, de lo cual no tuvo mucho tiempo para deliberar. Añadió que durante su confinamiento estuvo recluido en el hospital psiquiátrico correccional y que el TPI no indagó sobre su procesabilidad al momento de dictar la condena. Por igual, adujo que la defensa no fue competente ya que la *Acusación* pudo haberse desestimado o presentar un recurso al amparo de la Regla 240 de Procedimiento Criminal. Sostuvo que el Estado y el abogado le ofrecieron trabajo, estudio, ayudas económicas y que no se iba a afectar su certificación de buena conducta, pero que estos incentivos para su declaración de culpabilidad no fueron cumplidos. Aseguró que enfrenta problemas por carecer de un certificado negativo de antecedentes penales,[13] ya que no puede ejercer su trabajo como

---

[11] Apéndice del recurso, págs. 36-38.

[12] El señor Ruiz Romero expresó que extinguió la *Sentencia* el 20 de abril de 2025 y que se certificó dicho cumplimiento por el Departamento de Corrección y Rehabilitación el 12 de noviembre de 2025.

[13] La Ley Núm. 254 de 27 de julio de 1974, según enmendada, conocida como *Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes*

guardia de seguridad privado. Finalmente, expresó la existencia de prueba exculpatoria y solicitó las cámaras de seguridad de la sala civil del TPI de Ponce donde fue intervenido.

El Ministerio Público incoó una *Réplica a moción de anulación de Sentencia*.[14] En esencia, planteó la improcedencia de la Regla 85 de Procedimiento Criminal, *infra*, toda vez que la *Sentencia* emitida fue válida y estuvo dentro de los parámetros legales. En fin, acotó que las alegaciones distaban de las constancias del expediente, del que surge que el peticionario ratificó su deseo de hacer alegación de culpabilidad. Adujo también que, mediante la comparecencia por derecho propio, aun cuando consta en autos la representación legal del licenciado Burgos Rivera, el señor Ruiz Romero incurría en una representación híbrida.

Ponderadas las posturas, el TPI notificó el 12 de febrero de 2026 su determinación y expresó: "No Ha Lugar a la solicitud del convicto".

Posteriormente, el peticionario se opuso al escrito judicial del Ministerio Público, en el que insistió en sus previos argumentos, concernientes al procedimiento criminal dirimido en el TPI.[15] Además, reiteró su petición de evidencia exculpatoria y solicitó una vista argumentativa.[16] Luego intimó al TPI a acoger los escritos como una reconsideración.[17] En respuesta a las mociones presentadas, el TPI notificó sendas *Resoluciones* el 26 de febrero de 2026, en las que remitió al peticionario a su previo pronunciamiento y descartó variar su decisión.[18]

Inconforme, el señor Ruiz Romero acudió ante nos y señaló la comisión de los siguientes errores, los cuales reproducimos *ad verbatim*:

1. erro el tribunal Hon. vilmary Rodriguez pardo al no realizar el examen que autorizo el tribunal supremo en el caso 98 tspr 163 sobre cerciorarse que la denuncia contenga todos los elementos del delito y conozca por boca del

---

*Penales*, 34 LPRA sec. 1725 *et seq.*, provee mecanismos legales para la eliminación de las convicciones.

[14] Apéndice del recurso, págs. 17-21.

[15] Apéndice del recurso, págs. 6-14.

[16] Apéndice del recurso, págs. 15-16.

[17] Apéndice del recurso, pág. 1.

[18] Apéndice del recurso, págs. 0-0.3.

acusado la relación de la ley y los hechos previo a dictar su fallo y sentencia.

2. erro el tribunal al declarar culpable al sr Ruiz sin una acusación que imputare delito más allá de duda razonable, a falta de elementos objetivos para que la acusación sea delito grave bajo el artículo 284 del código penal de puerto rico.

3. erro el tribunal al declarar culpable al sr Ruiz sin hacer el examen constitucional del conocimiento del acusado sobre la ley y los hechos. Anejo minuta 39-40

4. erro el tribunal al dejar que ese examen de la ley en relación con los hechos fuera el abogado de defensa o fiscal quien lo realizara sin los hechos delictivos estar plasmados en la denuncia.

5. erro el tribunal de Mayagüez al no cerciorarse que los elementos del delito fueran informados por el oficial probatorio, el fiscal o el abogado de defensa.

6. erro el tribunal al notificar al sr Ruiz 3 documentos de alegación de culpabilidad a considerarse por el tribunal cuando en realidad habían 6 documentos en su podio de los cuales 3 no estaban firmados y eran las consideraciones fatulas a tomarse en cuenta. Apendice paginas 48-49.

7.erro el tribunal de Mayagüez al no declarar ha lugar la moción de anulación de sentencia por violación al debido proceso de ley lo que hace su sentencia nula en derecho. Apendice pag. 4 sobre paginas 23-32.

8. erro el tribual al no tomar en cuanta los inducimientos que le fueron traídos a su consideración y no tomar en cuanta los elementos de coacción o fraude. Apendice 6-14

9. erro el tribunal de Mayagüez ya que se demostró que su sentencia fue un misacarriage of justice y un atentado contra la integridad absoluta del procedimiento criminal.

10. erro el tribunal de Mayagüez ya que su sentencia no puede ser probada en un caso civil ni es reincidencia por no cumplir con el debido proceso de ley ni los elementos fundamentas de pruebas más allá de duda razonable.

11. erro el tribunal al no ver que la regla 72 llevada a cabo fue por coacción y para descontinuar harrasment al cual Ruiz estaba expuesto. Además de su estado precario de salud.

12. erro el tribunal ya que el sr Ruiz no tuvo efectiva asistencia de abogado, no investigo los hechos del caso, no preservo la voluntariedad y el efecto que sobre la salud del sr. Ruiz estaba causando el confinamiento solitario lockdown. De hecho, cuando le informa al fiscal que Ruiz estaba en hospitales forences ambos no solicitaron la procesabilidad del sr Ruiz. Apendice 6-14.

13. erro el tribunal al ejecutar la sentencia mientras Ruiz estaba hospitalizado y no procesable.

14. erro el tribunal de regla 23 al declarar que el delito era menos grave. Ni asegurarse de la comprensión del acusado sobre los grados del delito.

15. erro implícitamente el tribunal al no expresarse sobre la moción de descubrimiento de pruebas o supina que derrotaría la contencion y declarar que Ruiz es inocente de delito artículo 284. Conforme al comité asesor de reglas de procedimiento criminal de 2020. Apendice 15-16-33-35

En cumplimiento de nuestra *Resolución,* el Pueblo de Puerto Rico compareció por conducto de la Oficina del Procurador General. Con el beneficio de ambas posturas, resolvemos.

## II.

## A.

Es harto conocido que la jurisdicción es el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Continuamente, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. Una sentencia dictada sin jurisdicción es nula en derecho y, por lo tanto, inexistente. Así, pues, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra,* págs. 499-500; además, *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

En armonía, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR ___ (2025), faculta a este foro intermedio para, a iniciativa propia o a petición de parte, desestimar un recurso apelativo cuando carecemos de jurisdicción.

**B.**

La Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II, R. 72, codifica los requisitos para que una alegación preacordada, una vez aceptada y validada por el tribunal, sirva como base de una sentencia condenatoria. *Pueblo v. Pérez Adorno*, 178 DPR 946, 957 (2010). El tribunal debe realizar un análisis racional sobre el acuerdo sometido a su consideración, con el fin de que se trate de una decisión voluntaria, consciente e inteligente. *Pueblo v. Suárez*, 163 DPR 460, 471 (2004); *Pueblo v. Figueroa García*, 129 DPR 798, 807 (1992). Conforme reza el inciso (7) de la Regla 72 de Procedimiento Criminal, *supra*, al decidir si acepta o no una alegación preacordada, el tribunal debe cerciorarse de que ha sido hecha con pleno conocimiento, conformidad y voluntariedad del imputado; que es conveniente a una sana administración de justicia, y que ha sido lograda conforme a derecho y a la ética. Para ello, el tribunal puede requerir al fiscal o al abogado del imputado toda la información que estime necesaria y examinar al propio imputado o a cualquier otra persona que a su juicio sea conveniente. *Id.* Además, debe cerciorarse de que existe base suficiente en los hechos para sostener la alegación de culpabilidad, si estos hechos se probaran más allá de duda razonable en un juicio plenario. *Pueblo v. Suárez*, 163 DPR 460, 471 (2004).

En fin, el Tribunal Supremo ha expresado reiteradamente que se presume la corrección en los procedimientos e incumbe la carga de probar lo contrario a quien así lo alegue. *Correa Negrón v. Pueblo*, 104 DPR 286, 297 (1975). Por ello, una vez ha impartido la aprobación a una negociación preacordada, descansa en la sana discreción del tribunal si

permite el retiro de la alegación en cualquier momento previo a dictar la sentencia. *Pueblo v. Santiago Agricourt*, 147 DPR 179, 212 (1998).

Al hacer una alegación de culpabilidad, "el acusado no sólo afirma haber realizado los actos descritos en la denuncia o acusación, sino que además acepta y admite que es el culpable del delito objeto de su alegación. Se ha entendido que una alegación de culpabilidad constituye una convicción en sí misma con carácter concluyente que no le deja al tribunal más por hacer que no sea emitir el fallo y la sentencia. *Pueblo v. Santiago*, 160 DPR 618, 633 (2003). Tan vinculante es el efecto de una alegación preacordada aceptada por un tribunal que la Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193, establece que no procede un recurso de apelación para revisar una sentencia dictada en virtud de una alegación de culpabilidad. En estos casos, únicamente procederá un recurso de *certiorari*, cuyo carácter es discrecional, en el que solamente se pueden plantear asuntos dirigidos a la suficiencia de la acusación, la jurisdicción del tribunal sentenciador o alguna irregularidad en el pronunciamiento de la sentencia. *Pueblo v. Román Mártir*, 169 DPR 809, 821 (2007). Al respecto, la precitada norma procesal estatuye que la solicitud de *certiorari* debe presentarse dentro de los 30 días siguientes a la fecha en que la sentencia fue dictada. Este término es jurisdiccional. Regla 193 de Proc. Crim.*, supra.*

### III.

En el presente recurso, luego de aceptar los hechos, declararse culpable del Artículo 284 del Código Penal, *supra*, en su modalidad de tentativa y cumplir la sentencia, el peticionario levanta cuestionamientos y alega irregularidades cometidas en las etapas iniciales del procedimiento criminal que atravesó en 2023. En particular, impugna la suficiencia acusatoria, el procedimiento de vista preliminar y la audiencia en la que renunció a un juicio por jurado y suscribió una alegación preacordada. Consecuentemente, fue sentenciado a 18 meses de condena, que ya extinguió bajo el privilegio de sentencia suspendida.

A tales efectos, solicita que devolvamos el caso al foro recurrido para la celebración de una audiencia evidenciaria para anular la *Sentencia*; o que se celebre la vista preliminar renunciada o el juicio; u ordenemos al Ministerio Público a emitir una *Denuncia/Acusación* que impute delito grave.[19]

En cambio, el Pueblo de Puerto Rico sostiene que procede desestimar el recurso por falta de jurisdicción. Aduce que este foro está imposibilitado de decretar algún remedio sobre una sentencia que ya fue cumplida. Añade que el peticionario omitió en su día acudir de manera oportuna a los remedios disponibles para presentar sus reclamos. Colige, entonces, que carecemos de autoridad legal para atender la petición por tardía. Arguye también que el expediente presentado por el señor Ruiz Romero está incompleto; en particular, el peticionario omitió incluir la *Acusación* que impugna.[20]

Luego de un examen minucioso del expediente ante nos, las posturas de los contendientes y el derecho aplicable, acordamos desestimar el recurso ante nuestra consideración, debido a su presentación tardía. Nótese que al revisar el contenido y la súplica del recurso interpuesto por el señor Ruiz Romero, en realidad éste recurre tardíamente un dictamen emitido del cual carecemos de jurisdicción para atenderlo. Según reseñamos, conforme la Regla 193 de

---

[19] En su recurso, el peticionario, por ejemplo, cita a *Correa Negrón v. Pueblo, supra*, en el que nuestro alto foro desestimó unas sentencias de las causas 12,078 y 12,079, luego de una alegación preacordada. Empero, dichas anulaciones respondieron a que el convicto era menor de edad cuando cometió los hechos delictivos. De otra parte, en el caso citado *McCarthy v. U.S.*, 394 U.S. 459 (1969), se incumplieron las normas procesales al no interrogar personalmente a McCarthy para asegurarse de que éste comprendiera la naturaleza de los cargos, aunque sí se le informó acerca de la pena máxima y de la renuncia al juicio por jurado. El Tribunal Supremo federal acordó anular la declaración de culpabilidad, ya que el tribunal no constató que la declaración de culpabilidad del acusado fuera verdaderamente voluntaria. Igualmente en *Pueblo v. Santiago Agricourt, supra*, no se cumplió con la obligación impuesta por ley y por la cláusula constitucional del debido proceso de ley de asegurarse de que los delitos incluidos en la alegación preacordada encontraban base en los hechos por los cuales se formuló acusación. Además, en el también citado *Díaz Díaz v. Alcaide*, 101 DPR 846 (1973), el Tribunal Supremo refrendó la alegación de culpabilidad del convicto y mandató que debe surgir de expediente que se ha cumplido con los requisitos procesales.

[20] En respuesta, el peticionario replicó y presentó una declaración jurada suscrita ante nuestra Secretaría en la que afirmó haber entregado la *Denuncia*. Véanse, entradas 9-10 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

Procedimiento Criminal, *supra,* se establece un término jurisdiccional de 30 días siguientes a la fecha en que la *Sentencia* fue dictada para recurrirla. Toda vez que el peticionario estuvo presente en la sala sentenciadora al momento de dictar la *Sentencia* el 20 de octubre de 2023, el plazo expiró el 21 de noviembre de 2023.[21] No obstante, el recurso se presentó el 12 de marzo de 2026. Por ende, cualquier pronunciamiento al respecto por parte del TPI o de esta curia sería nulo, toda vez que ambos foros judiciales adolecemos de jurisdicción.

**IV.**

Por las razones expuestas, desestimamos el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] El día 19 de noviembre de 2023 fue domingo y el siguiente feriado.